UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: <br><br> Camille Aft Desoto, <br><br>                 Debtor | Chapter 13 <br> Case No. 23-10137 |

### ORDER DENYING MOTION TO COMPEL DISCOVERY

On September 18, 2023, the debtor filed a Motion to Compel Discovery [Dkt. No. 18] (the "Motion"). In the Motion, she asked this Court to require the Cumberland County Probate Court to enforce its prior order directing certain persons to provide an accounting of a trust of which the debtor was a beneficiary. Id. She also asked this Court to "require [a] full accounting [of the trust] from Robert Lowe and Mark Walker, Esq." Id. The debtor explained that the absence of the accounting rendered her "unable" to complete her 2021 tax returns and prevented her from providing "necessary information" for the hearing on confirmation of her plan. Id. The debtor attached several documents to the Motion, and the Court set the matter for hearing on October 26, 2023.

In the days leading up to the hearing, the debtor filed 73 pages of "Supporting Documents" including a memorandum and materials related to her divorce, the creation of the trust, and litigation in multiple state courts, including the Probate Court, regarding spousal support and the administration of the trust. [Dkt. No. 36]. On October 25, she filed a "Supplement" to the Motion that, among other things, attempted to add the other trustees as

respondents to the Motion, and attempted to show that she provided notice of the October 26 hearing to them.  [Dkt. No. 37].[1]

After considering the Motion, the Supporting Documents, the Supplement, and the debtor's statements at the hearing on October 26, the Court infers that the debtor seeks information about the administration of the trust for three reasons that could conceivably be related her attempt to reorganize her affairs and propose a confirmable chapter 13 plan.  While those proffered reasons may have superficial plausibility, none of them is sufficient at this point.  As a result, the Motion will be denied.

First, there is some suggestion that the debtor may have an interest in the home in which she resides and that there may be a cloud upon her title to that real estate.  Based on the Supporting Documents and the debtor's statements, it appears that the real estate – which was purchased and held by the trust – should have been transferred to the debtor upon termination of the trust, and that the transfer did not occur prior to the death of the trustee, Kenneth Aft.  The documents supplied to this Court do not reveal whether a successor trustee was appointed following Mr. Aft's death.  But it seems obvious that a trustee must be in place before the real estate can be transferred to the debtor.

If the debtor seeks to resolve her title to the property, she should seek relief from the Probate Court in the first instance.  The debtor does have at least a colorable claim to fee ownership of the property at 17 Florence Street in Augusta, Maine.  And, as the debtor suggests, a prompt resolution of that claim may assist her in securing federal bankruptcy relief.  But the Probate Court clearly possesses jurisdiction to fill any vacancy in the trusteeship and to order the

---

[1] In her various filings with this Court, the debtor refers to the "trust administrators."  The Court assumes that these are references to the trustees of the trust that was created in connection with her divorce.

trustee or trustees to execute deeds and other documents necessary to transfer title to the property from the trust to the debtor. *See, e.g.*, 18-B M.R.S.A. § 704(3).

Second, the debtor has suggested that she may be entitled to other assets that were held by the trust. Specifically, the debtor claims that her former spouse, Robert Lowe, "stated that he paid into the trust account through 2017 during the hearing . . . to dissolve" the trust. [Dkt. No. 36, p. 3]. She claims that this statement "reveals three years of spousal support (2015, 2016, 2017) in which [she] did not receive any of the spousal support (approximately $75,000)." Id. p. 4. This claim conflicts with one of the Supporting Documents that the debtor filed – namely, an order entered by the District Court in 2019 in the divorce action. [Dkt. No. 36, pp. 46-49]. In that order, the District Court "affirmed" a prior order – entered in 2015 – reflecting the parties' agreement to terminate spousal support and providing that the debtor was to receive a lump sum payment of $15,000 from Mr. Lowe in full settlement of "any outstanding debts related to the divorce[.]" Id. at p. 47. In the 2019 order, the District Court noted that the debtor had, on multiple occasions, acknowledged her agreement to terminate spousal support in 2015. Id. The court further observed that, as of 2019, the debtor had not alleged that she was not paid the $15,000 settlement amount, but instead sought to challenge the validity of the 2015 order approving that settlement. Id. at 48. The debtor's claim that Mr. Lowe paid spousal support into the trust through 2017 is inconsistent with the 2019 order entered by the District Court, which appears to have been designed to bring the spousal support to an end. On this record, the Court cannot conclude that – after entering into a settlement of any obligations arising out of the divorce in 2015 – Mr. Lowe would have continued making spousal support payments into the trust, on a voluntary basis, for two years thereafter. Nothing in the Supporting Documents reveals any obligation on Mr. Lowe's part to make payments to the trust in 2016 or 2017.

3

The last arrow in the debtor's quiver is aimed at a former trustee.  Specifically, the debtor contends that a former trustee, Mark Walker, Esq., misappropriated funds from the trust res or somehow failed to transfer funds into the trust, or both.  The debtor levels these accusations without much in the way of detail but with a fair degree of certainty.

The Motion seeks to compel discovery, that is, to obtain information; it does not seek monetary redress for breach of fiduciary duty or other malfeasance.  That aside, the Supporting Documents suggest that the debtor has been down this road before.  An explanation is necessary.

The Supporting Documents show that the Probate Court held a hearing on April 28, 2021.  After that hearing, the court issued two orders.  In the first, the court ordered Attorney Walker and Mr. Lowe to:

> collaborate where necessary and submit an accounting of the . . . [t]rust from the date when [Attorney] Walker was appointed trustee until the date he forwarded the Trust and related documents to Kenneth Aft, the successor trustee, on or before May 28, 2021.

In the second, the court declared that the trust was terminated and ordered "[t]he current Trustee of the Trust or the most recent Trustee if there is not current Trustee . . . to turn over the corpus of the trust" to the Debtor before September 1, 2021.

More than a year later, in October 2022, the debtor submitted a "Request for Documents" to the Probate Court.  The record in this Court does not contain that Request for Documents, but that request appears to be related to the debtor's desire to obtain an accounting of funds into and out of the trust.  In response to the debtor's request, the Probate Court wrote:

> The Court previously ordered an accounting and documents to be turned over by previous trustees, Mark Walker, Esq. and Robert Lowe regarding the trust . . . . <u>Robert Lowe wrote a letter on July 8, 2021 and Attorney Walker provided correspondence on July 26, 2021.  Both Mr. Lowe and Attorney Walker stated that they no longer held the records and that these records were provided to the third trustee, Mr. Kenneth Aft</u>, who provided consent for the termination of the

4

> trust but did not appear for any Court hearings and did not provide any information as to the past handling of the trust.
>
> The Court is satisfied with the explanation provided by Attorney Walker and Mr. Lowe and given that [the debtor] has not requested documents from the Estate of Kenneth Aft, the Court is declining to take any further [action] on this.

(emphasis added). Mr. Lowe's letter was included in the Supporting Documents, but Attorney Walker's July 26 correspondence was not. Without a clearer and more complete picture of what transpired in the Probate Court, this Court cannot assess whether the Motion is (a) an improper attempt to relitigate a matter that she litigated unsuccessfully in state court, something that is generally not permitted in federal court; (b) a reasonable request for information that may be useful to the debtor in formulating a chapter 13 plan in circumstances where that information cannot be readily obtained from other sources; or (c) something else.

The Motion is denied without prejudice. If the debtor wishes to renew the motion, she must (a) file the motion on this Court's docket and, at the same time, send the motion to any current or former trustee against whom she seeks relief at least 21 days prior to any scheduled hearing on the motion; (b) supply a true and accurate copy of the files maintained by the District Court and the Probate Court relating to her divorce and the trust established in connection therewith (taking care to redact any personally identifiable information); and (c) explain the steps the debtor has taken, after the date of this order, to secure relief from the Probate Court relating to the title to the real estate at 17 Florence Street in Augusta. As to item (b), the debtor must include the entire docket sheets from the District Court and Probate Court. As to item (c), the

5

debtor must send the motion via U.S. mail, postage prepaid, and then must prepare a certificate of service listing the addresses used for each person served with the motion.

Date: October 31, 2023

*(signature)*

Michael A. Fagone
United States Bankruptcy Judge
District of Maine